**Israel Rios OLEA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–75154.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Israel Rios Olea, San Jacinto, CA, pro se.

Kurt B. Larson, Esquire, OIL, Stacy Stiffel Paddack, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Israel Rios Olea, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003), and dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Rios Olea failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

The BIA did not abuse its discretion in denying Rios Olea's motion to remand to consider his wife's eligibility for cancellation of removal based on *Tapia v. Gonzales*, 430 F.3d 997 (9th Cir.2005), because the BIA concluded his wife was not in removal proceedings, and her ability to obtain cancellation of removal was not determinative of Rios Olea's cancellation application.

**PETITION FOR REVIEW DISMISSED in part; and DENIED in part.**